IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| BRIAN WARD, PRO SE,<br>TDCJ-CID No. 1426930,<br>Previous TDCJ-CID No. 1057527,<br><br>Plaintiff,<br><br>v.<br><br>THE TEXAS DEPARTMENT OF<br>   CRIMINAL JUSTICE,<br>Warden NFN SLOAN, Warden J. BAKER,<br>Mrs. NFN SELLS,<br>   The Office of Inspector General, and<br>Mr. NFN EVANS,<br>   The Office of Inspector General,<br><br>Defendants. | 2:10-CV-0194 |

**ORDER REVOKING PAUPER STATUS AND ORDER OF DISMISSAL**

Plaintiff BRIAN WARD, acting *pro se* and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendants and requesting permission to proceed *in forma pauperis*.

On December 13, 2010, a Report and Recommendation was filed by the United States Magistrate Judge analyzing plaintiff's claims under Title 28, United States Code, section 1915(g), and recommending plaintiff's plaintiff's pauper status be REVOKED and that the instant cause be dismissed for failure to pay the requisite filing fee.

Plaintiff was instructed that, if he elected to pay the filing fee, he could utilize the period for objections in which to do so.

Plaintiff did not pay the filing fee. Instead, plaintiff filed a document entitled "Declaration" on December 23, 2010, which the Court accepts as his objections. Plaintiff's Declaration appears to be an unsworn statement under penalty of perjury in compliance with Title 28, United States Code, section 1746. By his Declaration, plaintiff merely avers he is "in imminent risk of serious and physical endangerment of harm . . . ."

In order to meet the imminent danger requirement of section 1915(g), the threat must be "real and proximate." *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir.2003). Allegations of past harm do not suffice; the harm must be imminent or occurring at the time that the complaint or notice of appeal is filed, and the exception refers to "a genuine emergency" where "time is pressing." *Heimerman v. Litscher,* 337 F.3d 781, 782 (7th Cir.2003). In passing the statute, Congress intended a safety valve to prevent impending harms, not those which had already occurred. *Abdul-Akbar v. McKelvie,* 239 F.3d 307, 315 (3rd Cir.2001). In *Abdul-Akbar,* the Third Circuit rejected the contention that allegations of having been sprayed with pepper spray, combined with a claim that prison officials engaged in "continuing harassment, plots to hurt or kill him, and other forms of retaliation," sufficiently alleged imminent danger.

In the instant case, plaintiff has utterly failed to allege facts showing he is in imminent danger of serious physical injury. Plaintiff's unsworn affidavit to that effect is insufficient as it is devoid of any factual basis and attempts to make the legal determination itself, instead of providing the Court with facts which would enable the Court to make that determination.

The undersigned United States District Judge has made an independent examination of the record in this case and has examined the Report and Recommendation of the Magistrate Judge, as well the objections filed by plaintiff. The District Judge is of the opinion plaintiff's

objections should be, and hereby are, OVERRULED. The District Judge is of the further opinion that the Magistrate Judge's Report and Recommendation should be, and hereby is, ADOPTED.

IT IS THEREFORE ORDERED:

1. Plaintiff's pauper status is REVOKED.

2. The instant cause is DISMISSED WITHOUT PREJUDICE TO REFILING WITH PREPAYMENT OF THE FILING FEE. 28 U.S.C. § 1915(g).

LET JUDGMENT BE ENTERED ACCORDINGLY.

The Clerk will mail a copy of this Order to the plaintiff, and to any attorney of record by first class mail.

All pending motions are DENIED.

IT IS SO ORDERED.

ENTERED this 12th day of January, 2011.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE